UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    May 16, 2018

On March 8, 2017, the court appointed Retired United States District Judge Gerald Rosen as a Master to investigate and submit a Report and Recommendation concerning issues relating to the

court's award of more than $75,000,000 in attorneys' fees in this

Class Action to counsel for the plaintiff class (the "Lawyers").

In its October 24, 2017 Order, the court wrote:

> The Master has informed the court that he has entered a
> limited protective order concerning the confidentiality
> of certain information he has received in discovery and
> informed the [Lawyers] that an opportunity would be
> provided for them to propose redactions to the Report
> and Recommendation which will be filed for the public
> record.  In view of the foregoing, the court is modifying
> the March 8, 2017 Order to provide that: the Master shall
> file his Report and Recommendation with the court under
> seal;  the  court  will  provide  the  Report  and
> Recommendation to the [Lawyers], under seal; and the
> court will establish schedules for proposed redactions
> and objections.

Docket No. 208 at 3. The March 29, 2017 Limited Protective Order

in its most pertinent part provides that the production of

documents requested by the Master would not constitute a waiver of

any attorney-client privilege or any other privilege. See Docket

No. 191, ¶1.

On May 14, 2018, the Master filed his Report and

Recommendation, an Executive Summary of it, and referenced

exhibits in both printed and electronic form.[1]  Pursuant to the

---

[1] On March 8, 2017, the court ordered the Master to file the
complete record concerning his investigation with his Report and
Recommendation. See Docket No. 73, ¶11. On March 1, 2018, the court
ordered that the record be filed under seal to permit possible
redactions. See Docket No. 216 at 2. The Master has informed the
court that it will take several more weeks to compile the record
for filing. In addition, it has not yet been determined whether it
is feasible and cost-effective to have the record converted into
a searchable electronic form as previously ordered. Id. Therefore,

October 24, 2017 Order, the court has temporarily sealed those submissions to provide the Lawyers an opportunity to review them and propose redactions. The court intends to decide whether any proposed redactions are justified. The court may, however, refer any redaction issues to the Master for a Report and Recommendation. The court may also, instead, ask the Master, or his counsel, to respond to any questionable requests for redactions.

In proposing redactions, the Lawyers shall bear in mind that:

> In Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), the Supreme Court acknowledged that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Id. at 597 (footnotes omitted). The privilege extends, in the first instance, to "materials on which a court relies in determining the litigants' substantive rights." Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986).

F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987); see also United States v. Kravetz, 706 F.3d 47, 52, 54 (1st Cir. 2013); Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9 (1st Cir. 1998). "[T]he public's right to inspect such records is not absolute." Standard Fin. Mgmt. Corp., 830 F.2d at 410. However, "only the most compelling reasons can justify non-disclosure of judicial records." Id. (quotation marks and citations omitted).

---

the court has allowed the Master to submit his Report and Recommendation before submitting the record in order to permit the process of identifying proposed redactions to begin promptly.

A properly invoked attorney-client privilege may be sufficient to overcome the presumption of public access to information which is contained in judicial records. See Siedle, 147 F.3d at 9-10. In addition "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." Standard Fin. Mgmt. Corp., 830 F.2d at 411 (citations omitted); see also Kravetz, 706 F.3d at 61-4. "[W]here the public's right of access competes with privacy rights, it is proper for the district court, after weighing the competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." Id. at 62.

The burden of proving that presumptively public judicial records should be sealed is on the party objecting to public disclosure. See Standard Fin. Mgmt. Corp., 830 F.2d at 411. As the First Circuit has noted, provisions of "the local rules of the United States District Court for the District of Massachusetts [] require a party seeking to seal documents to file a motion with the district court 'each time a document or group of documents is to be filed,' D. Mass. R. 7.2(e), and to accompany such motion with 'a memorandum of reasons, including citation of supporting authorities' as well as '[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based,' id. at 7.1(B)(1)." Kravetz, 706 F.3d at 59. The court is, therefore,

4

ordering that the Lawyers file affidavits and memoranda in support of any motions for redactions, with copies of the documents that include the proposed redactions. If attorney-client privilege, or any other privilege, is asserted, the documents and/or information at issue shall be identified and addressed with specificity. Proposed redactions concerning categories of information may be addressed more generally.

In view of the foregoing, it is hereby ORDERED that:

1. The Lawyers shall obtain forthwith from Elizabeth McEvoy, Esq., counsel for the Master, electronic versions of Executive Summary, the Report and Recommendation, and the exhibits referenced in them.

2. The Lawyers shall, by May 31, 2018, file, under seal, any motion for redactions, with documents reflecting the proposed redactions, and supporting affidavits and memoranda in the manner described in this Memorandum. Copies of these submissions shall be served on the Master. Redacted versions of these submissions shall be filed for the public record.

3. After the court decides which, if any, redactions are appropriate, it will provide the Lawyers an opportunity to propose redactions to the rest of the record that are consistent with the court's rulings.

4.   Any objections to the Report and Recommendation, or any requests to adopt or modify it, shall be filed no later than seven days after the court rules on the proposed redactions.[2]


UNITED STATES DISTRICT JUDGE

---

[2] As permitted by Federal Rule of Civil Procedure 53(f)(2), this Order provides the Lawyers more than the 21 days following the receipt of the Master's Report and Recommendation to object, or move to adopt or modify, provided by the Rule.